UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:16-CV-00127-GNS-HBB


DENNIS BELL; and
McCRACKEN BUILDERS, PROPERTY
& MANAGEMENT, LLC                                                        PLAINTIFFS

v.


PADUCAH BANK AND TRUST COMPANY; and
JOHN ELLIS                                                                  DEFENDANTS


## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss (DN 13).  The motion

has been fully briefed and is ripe for decision.  For the reasons stated below, the motion is

**GRANTED**.

## I.         SUMMARY OF FACTS AND CLAIMS

### A.        Factual Background of the Case

Defendant Paducah Bank and Trust Company ("Paducah Bank") provided Plaintiff

McCracken Builders, Property & Management, LLC ("McCracken Builders"), which is wholly

owned by Plaintiff Dennis Bell ("Bell"), with a $66,500.00 line of credit secured by a mortgage

against one of McCracken Builders' properties on Dixie Street in Paducah ("Dixie Street

Property").  (Ellis Aff. ¶ 3(a), DN 14).  McCracken Builders paid off the balance of this loan in

2010, but because the terms of the Dixie Street mortgage included an "additional advance"

clause allowing for additional loan advances, the mortgage was not released at the time of

repayment.  (Ellis Aff. ¶ 3(b)-(c)).  Later Paducah Bank consolidated two loans held by

McCracken Builders with an $82,500.00 promissory note on March 31, 2011, that was secured

by a mortgage against Bell's properties located along 28th Street and Benton Road ("28th & Benton Properties"). (Ellis Aff. ¶ 3(d)). Paducah Bank also provided McCracken Builders with a $10,868.78 loan on October 6, 2011, that was secured by a second mortgage on Bell's real estate located on 28th Street ("28th Street Property"). (Defs.' Mot. Dismiss 4).

**B.     Procedural History of the Case**

When a third party, Kentucky Lien Holdings, LLC, initiated a foreclosure proceeding against a tax lien it held against the Dixie Street Property, Paducah Bank was notified because of its recorded mortgage on that property. (Defs.' Mot. Dismiss 5). Defendant John Ellis ("Ellis"), the loan collection officer for Paducah Bank, consulted Paducah Bank's legal counsel to determine what rights Paducah Bank had with respect to the Dixie Street Property. (Ellis Aff. ¶ 4). Acting upon counsel's advice, Ellis authorized a mortgage claim against the Dixie Street Property. (Ellis Aff. ¶ 4).

This claim was later withdrawn after McCracken Builders responded asserting that the mortgage against the Dixie Road property was reassigned. (Defs.' Mot. Dismiss 6). McCracken Builders then filed counterclaims alleging that Paducah Bank intentionally forged mortgage documents and used them to try and foreclose on the Dixie Road property. (Defs.' Mot. Dismiss Ex. G, DN 13-8). Paducah Bank moved for summary judgment on those claims, and that motion was granted. (Defs.' Mot. Dismiss 7). McCracken Builders did not appeal this order. (Defs.' Mot. Dismiss 7).

Paducah Bank later initiated a separate foreclosure proceeding on the 28th Street Property and the 28th & Benton Properties after Plaintiffs defaulted on both the March 2011 and October 2011 loans. (Ellis Aff. ¶ 7). Both of those foreclosure actions were filed in McCracken Circuit Court. (Defs.' Mot. Dismiss Ex. E, DN 13-6; Defs.' Mot. Dismiss Ex. J, DN 13-11). Plaintiffs

filed counterclaims in that action alleging that Paducah Bank forged documents to fraudulently foreclose on their property. (Defs.' Mot. Dismiss Ex. J, ¶¶ 9-11). Paducah Bank successfully moved for summary judgment on all claims in December of 2015. (Defs.' Mot. Dismiss 7). Neither McCracken Builders nor Bell appealed that adverse state-court decision. (Defs.' Mot. Dismiss 8).

On August 5, 2016, Plaintiffs filed this suit to recover damages from the fraud and other violations of state and federal law they allege that Defendants committed in the pursuing the aforementioned mortgage claims. (Compl. ¶¶ 40, 41, 43, 91, DN 1). Defendants have moved to dismiss the claims asserted against them based on res judicata, judicial privilege, and their reliance on advice of counsel. (Defs.' Mem. Supp. Mot. Dismiss 10-15, DN 13-1). In addition, Defendants argue that Plaintiffs' claims should be dismissed because Defendants had a bona fide mortgage claim on the Dixie Street mortgage, and Plaintiffs have failed to state claims under Kentucky's Residential Mortgage Fraud Act, the Fair Debt Collection Practices Act, or the Racketeer Influenced & Corrupt Organizations Act. (Defs.' Mem. Supp. Mot. Dismiss 15-23). Finally, Defendants argue that McCracken Builders has suffered no damages arising from the Bank's assertion of a mortgage claim. (Defs.' Mem. Supp. Mot. Dismiss 23).

## II.    STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must construe the complaint in the light most favorable to plaintiff[]," accepting all of the plaintiff's allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Under this standard, a plaintiff must provide the grounds for its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint falls short if it pleads facts that are merely "consistent with a defendant's liability" or if the facts do not "permit the court to infer more than the mere possibility of misconduct." *Id.* at 678-79. The allegations must "'show[] that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III.   DISCUSSION

### A.   *Rooker-Feldman* Doctrine

Under the *Rooker-Feldman* doctrine, federal district courts do not have jurisdiction to hear appeals of final decisions from state courts. *Exxon Mobil Corp. v. Saudi Basic Indus.Corp.*, 544 U.S. 280, 283-84 (2005). *See also D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1982); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923). The doctrine is considered to cover only a narrow set of cases, certainly included within the doctrine's reach are those which call upon a district court to review or void a state court's decision. *Exxon Mobil Corp.*, 544 U.S. at 283. *Rooker-Feldman* typically precludes cases in which a "state-court loser" invites federal courts to review state-court judgments. *Id.*

Several of Plaintiffs' claims explicitly request this Court to invalidate a prior state-court judgment and are therefore barred by *Rooker-Feldman*. In particular, Plaintiffs' falsification and cancellation claims seek to void the state-court judgment because the documents in the proceeding were purportedly forged. (Compl. ¶ 99). In Plaintiffs' due process claim, they state that "[a]ny judgment of the [McCracken Circuit Court] rendered against Bell . . . is void and

must be set aside by this court."  (Compl. ¶ 109).  Both claims involve issues which Plaintiffs could have raised on appeal in state court had they chosen to do so.

Plaintiffs argue that *Rooker-Feldman* does not apply because the verdict in state court was procured by fraud.  (Pls.' Resp. 1).  Once again, as explained in *Bell*, the verdict in state court was not a product of fraud, but rather a case involving an allegation of fraud upon which that court ruled against the plaintiffs.  *Bell*, 2014 U.S. Dist. LEXIS 79985, at *9.  For these reasons, this Court does not have jurisdiction over Plaintiffs' falsification, cancellation, and due process claim.

### B.    Res Judicata

Alternatively, dismissal of the RICO and FDCPA claims is warranted based on res judicata.  Res judicata has two parts—claim preclusion and issue preclusion.  *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984).  As discussed below, the Court will dismiss the claims based on both claim preclusion and issue preclusion.

### 1.    *Claim Preclusion*

Claim preclusion bars entire claims that were or could have been brought in an earlier proceeding.  *Howe v. City of Akron*, 801 F.3d 718, 742 (6th Cir. 2015).  In order for claim preclusion to apply, four elements must be met: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated; and (4) an identity of the causes of action."  *Id.* (quoting *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006)). Claim preclusion applies in the same way to counterclaims if they are compulsory under Fed. R. Civ. P. 13.  *Tyler v. DH Capital Mgmt.*, 736 F.3d 455, 459 (6th Cir. 2013) (citing *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n.1 (1974)).

In the present case, the main issue in both Plaintiffs' RICO and FDCPA claims is whether Defendants committed fraud in the course of foreclosing on Bell's Benton Road property. (*See* Compl. ¶¶ 51, 55-86). This issue is what Plaintiffs have alleged "from the time this case began in state court." (Pls.' Resp. 2). Plaintiffs certainly could have brought the RICO and FDCPA claims in that earlier proceeding; the facts and issues would have been identical to the claims that Plaintiffs did assert. (*See* Compl. ¶¶ 51, 55-79, 87-89; Defs.' Mot. Dismiss Ex. J, ¶¶ 9-11). As a result, under the "logical relationship" test employed by the Sixth Circuit, those claims are precluded. *See Sanders v. First Nat'l Bank & Tr. Co.*, 936 F.2d 273 (6th Cir. 1991).

The RICO and FDCPA violation claims now before this Court concern issues that are largely the same as those dealt with in the 2015 foreclosure case. (*See* Compl., ¶¶ 51, 55-79, 87-89; Defs.' Mot. Dismiss Ex. J, ¶¶ 9-11). In that case, Plaintiffs alleged in a counterclaim that Paducah Bank used forged documents to fraudulently foreclose on his property. (Defs.' Mot. Dismiss Ex. J, ¶ 9). The McCracken Circuit Court ruled that the foreclosure was not fraudulent, and Plaintiffs did not appeal this decision, making the ruling final for purposes of claim preclusion. (Defs.' Mot. Dismiss, 7-8).

The parties do not appear to contest that all the elements for claim preclusion have been met. Plaintiffs contend, however, that their claims should not be barred because of an exception provided for in the case of *In re Sun Valley Foods Co.*, 801 F.2d 186 (6th Cir. 1986), which provides that "[a] federal court 'may entertain a collateral attack on a state court judgment which is alleged to have been procured through fraud, deception, accident, or mistake . . . .'" *Id.* at 189 (quoting *Resolute Ins. Co. v. North Carolina*, 397 F.2d 586, 589 (4th Cir. 1968)). Plaintiffs do not allege that the McCracken Circuit Court's decision was procured by fraud, but only that allege that Plaintiffs' property was fraudulently foreclosed upon. *See Bell v. Countrywide Home*

*Loans, Inc.* No. 5:13-CV-00165-JHM, 2014 U.S. Dist. LEXIS 79985, at *1, *9 (W.D. Ky. June 12, 2014).[1]  In *Bell*, the plaintiff filed a complaint in federal court asserting virtually identical claims that he unsuccessfully asserted in state court.  *Id.* at *3.  Explaining that the *In re Sun Valley Co.* exception did not apply, this Court explained "[t]he 'fraud' claim which Bell argues gives this Court jurisdiction was already fully-litigated and resolved in state and federal proceedings.  This is not a case where the fraud allegation is a 'new' claim that was not previously litigated in prior proceedings."  *Id.* at *9-10.

This analysis applies identically to the present case, which is factually indistinguishable from *Bell v. Countrywide Home Loans*.  For these reasons, Plaintiffs' claims are barred by claim preclusion.

## 2.  *Issue Preclusion*

The second part of res judicata, issue preclusion bars the relitigation of issues even if the cause of action has changed.  *Ga.-Pac. Consumer Prods. LP v. Four-U-Packaging, Inc.*, 701 F.3d 1093, 1098 (2012).  In order for issue preclusion to apply four elements must be met:  (1) the issue must have been "actually litigated;" (2) the issue must have been necessary to the outcome; (3) the issue must have been decided on the merits; and (4) the opposing party must have had the opportunity to litigate the issue.  *Id.*

For the same reasons stated above in the claim preclusion section, Plaintiffs' claims are barred by issue preclusion because they filed a counterclaim alleging that Paducah Bank fraudulently foreclosed on his property in an earlier proceeding.  (Defs.' Mot. Dismiss Ex. J, ¶¶ 9-11).  In the prior lawsuit, the state court ruled that Paducah Bank did not fraudulently foreclose on Bell's property.  (Defs.' Mot. Dismiss Ex. K, at 8-9, DN 13-12).  That issue was essential to

---

[1] Plaintiff Bell in the present action was the plaintiff in *Bell v. Countrywide Home Loans.*

the court's ruling because the state court held that Paducah Bank was entitled to foreclose on Bell's property, which necessarily determined that the mortgage was not fraudulent. (Defs.' Mot. Dismiss Ex. K, at 8-9).[2] That issue and the central issue in many of Plaintiffs' claims now before the Court are identical. (Compl. ¶¶ 38, 70, 87, 93). Fraud is an essential element of the RICO claim, the FDCPA claim, and the common law fraud claims asserted by Plaintiffs in this action. Each of these claims is barred because the issue of Defendants' alleged fraud has been litigated already and resolved in favor of Defendants.

## IV.    CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (DN 13) is **GRANTED**, and Plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

**Greg N. Stivers, Judge**
**United States District Court**
August 31, 2017

cc:     counsel of record

---

[2] In light of the applicability of the *Rooker-Feldman* doctrine and res judicata, it is unnecessary for the Court to address Defendants' additional grounds for the motion.